- Law Office of S.J. Chambers
- St. James Chambers, Esq.
- State Bar #04086200
- 700 Secretary Dr. #190
- Arlington, TX 76015
- 817-975-9343
- 214-447-9207 (fax)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Boyd Dungan ) | |
| ) | |
| ) | CASE NO. |
| Plaintiff ) | |
| ) | COMPLAINT |
| vs. ) | JURY TRIAL DEMAND |
| ) | |
| MRS Associates, Inc., LVNV Funding, LLC ) | |
| and John and Jane Does 1-10 ) | |
| ) | |
| Defendants ) | |

_____

**COMPLAINT**

**PRELIMINARY STATEMENT AND INTRODUCTION**

1.  This petition is an action for statutory and actual damages brought by an individual consumer, Boyd Dungan ("Plaintiff'), against MRS Associates, Inc., LVNV Funding, LLC, and John and Jane Does 1 - 10 ("Defendants"), for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA"), to obtain declaratory relief. This petition is also an action for statutory and actual damages under the Texas Collection Practices Act ("TCPA"), Tex. Fin. Code § 392.001 *et seq.,* and pursuant to the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Code § 17.46 *et seq.,* which are brought under the Court's pendent and supplemental jurisdiction. Plaintiff brings this action against the above named Defendants both jointly and severally based on their violations of said Acts.

**JURISDICTION / VENUE**

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201.1 and 2202. The doctrine of pendent and supplemental jurisdiction is proper under 28 U.S.C. § 1367.

3.     Venue is proper in this District as Defendants transact business here and the communications as well as the conduct of Defendants upon which this complaint is based occurred here.

**PARTIES**

4.     The Plaintiff, Boyd Dungan, is a natural person, and was at all times relevant hereto a resident and citizen of the State of Texas. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a "consumer" as defined by Tex. Fin. Code § 392.001 (1).

5.     Defendant MRS Associates, Inc., is a corporation engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "debt collector" as defined within Tex. Fin. Code § 392.001 (6), engaged in the business of collecting debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant operates at Its principal place of business located at 1930 Olney Avenue, Cherry Hill, New Jersey 08003. This Defendant is an unregistered business improperly operating as a collection agency in the State of Texas.

6.     Defendant LVNV Funding, LLC, is a limited liability company engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "debt collector" as defined within Tex. Fin. Code § 392.001 (6), engaged in the business of collecting debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant operates at Its principal place of business located at 9700 Bissonnet, Suite 200, Houston, Texas 77036. This Defendant is an unregistered business improperly operating as a collection

2

agency in the State of Texas.

7.    Defendants, John and Jane Does 1 - 10 are all natural persons, corporations, parties, or enterprises employed by Defendants as debt collectors as that term is defined by 15 U.S.C. § 1692a(6), and are involved in the instant matter. Said Defendants are currently unknown to Plaintiff. Said Defendants and entities will be joined as necessary parties upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

## FACTUAL ALLEGATIONS

8.    Sometime prior to August 2004, Plaintiff incurred an alleged financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Washington Mutual Card Services Bank credit card in the approximate amount of $5532.71, which was allegedly used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

9.    Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

10.   On or about November 13, 2007, Plaintiff sent a billing error notice as that term is defined under 15 U.S.C. § 1666(a) to the original creditor, disputing the alleged debt and requesting clarification of transaction details and omitted material disclosures that affect the finance charge, penalty rate, and annual percentage rate on multiple periodic statements. (See Exhibit A attached hereto and incorporated as if fully stated herein).

11.   The original creditor, WaMu, never provided verification or validation of the alleged debt or responded in any way to Plaintiff's billing error notice and dispute.

12.   Despite the fact that the original creditors themselves failed to respond to a valid billing error notice and dispute, Plaintiff's account was charged off and consigned, placed or otherwise transferred to Defendants, **LVNV Funding, LLC,** (hereinafter "LVNV").

13.   Despite the fact that the original creditor had not responded to a valid billing error notice and dispute, on or about August 29, 2008, a representative from Defendants **MRS Associates, Inc.,** (hereinafter "MRS"), who were representing Defendants **LVNV,** caused to be made to Plaintiff an initial collection call, using

phone number 888-274-9847, in an attempt to collect the alleged debt. This collection effort was actually a voicemail sent at approximately 2:49 PM, and did not comply with the provisions under 15 U.S.C. § 1692 g. (See Exhibit B attached hereto and incorporated as if fully stated herein).

14.    Defendants **MRS & LVNV** failed to provide Plaintiff with the essential information regarding the alleged debt and also failed to send the Plaintiff a 30-days validation notice within five days of sending the initial collection voicemail, in violation of 15 U.S.C. § 1692 g, 1692g (a) (1), 1692g (a) (2), 1692g (a) (3), 1692g (a) (4) and 1692g (a) (5).

15.    Despite the fact that Defendants **MRS'** initial collection effort did not comply with the provisions under 15 U.S.C. § 1692 g, on or about September 5, 2008, "Ms. Vaughan", a representative from Defendants **MRS,** using phone number 888-274 9847, caused to be made to Plaintiff a collection call in an attempt to collect the alleged debt. Despite Plaintiff having had clearly stated that he will not be able to pay the alleged debt amount, "Ms. Vaughan" threatened Plaintiff by stating that "further collection activities will proceed," and unduly overshadowed the statutorily required validation notice under 15 U.S.C. § 1692 g and made the Plaintiff "uncertain as to his rights," thus violating 15 U.S.C. § 1692e and 1692 g. (See Exhibit C attached hereto and incorporated as if fully stated herein).

16.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about September 6, 2008, at approximately 9:37 AM, a representative from Defendant **MRS,** calling from phone number 888-274-9847, made a hang up call to Plaintiff's home in an attempt to collect the alleged debt, thus violating 15 U.S.C §§ 1692 *et seq.* and 1692g(b). (See Exhibit D attached hereto and incorporated as if fully stated herein).

17.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about September 7, 2008, "Tammy Jackson", a representative from Defendants **MRS,** calling from phone number 888-274-9847, caused to be made to Plaintiff a collection call in an attempt to collect the alleged debt. "Ms. Jackson" attempted to persuade Plaintiff to either make the full payment of the $6,180.36 immediately, or enter into a settlement agreement with Defendant for some payment plan. Failing to persuade Plaintiff, "Ms. Jackson" transferred this call to her manager, "Ms. Tina Ballinger", who unduly attempted to

threaten Plaintiff by stating, "you are refusing to honor the cardholder
agreement that you legally signed...  No payment arrangement or settlement
will be offered to you."  "Ms. Ballinger" further threatened Plaintiff by giving an
ultimatum that if Plaintiff fails to communicate his acceptance for settlement by
paying in full the reduced balance of $4449 within 24 hours, then "Ms. Ballinger"
would communicate to her client, Defendant **LVNV,** that Plaintiff has voluntarily
refused to resolve the alleged debt and therefore any necessary action can be taken
against the Plaintiff for the purpose of collection of the alleged debt, thus violating
15 U.S.C. §§ 1692 d, 1692 d (5), 1692 e, 1692 e (5) and 1692g (a). (See Exhibit
E attached hereto and incorporated as if fully stated herein).

18.     Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the
validation notice, on or about September 8, 2008, "Angela", a representative from
Defendant **MRS**, calling from phone number 888-274-9847, caused to be made
to Plaintiff a collection call in an attempt to collect the alleged debt. When
Plaintiff expressed his inability to pay the alleged debt, "Ms. Angela" unduly
threatened Plaintiff by stating that it would be conveyed to the original creditor
that Plaintiff refused to pay the alleged debt and therefore any necessary action
can be taken against the Plaintiff for the purpose of collection of the alleged debt,
thus violating 15 U.S.C. §§ 1692 d, 1692 d (5), 1692 e and 1692g (a). (See
Exhibit F attached hereto and incorporated as if fully stated herein).

19.     Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the
validation notice, on or about September 9, 2008, "Crystal Barnett", a
representative from Defendant **MRS**, calling from phone number 888-274-9847,
caused to be made to Plaintiff a collection call in an attempt to collect the alleged
debt. "Ms. Barnett" further informs Plaintiff that their client, Defendant **LVNV**,
bought his delinquent account from original creditor WaMu by paying $4400.
Despite Plaintiff fully cooperating with the Defendants **MRS** and was unable to
pay the alleged debt, Defendants **MRS** marked "refusal to pay bill" on Plaintiffs
credit report to be sent to their client, Defendant **LVNV**, in violation of 15 U.S.C.
§§ 1692 d (5), 1692e (2), and 1692g (a). (See Exhibit G attached hereto and
incorporated as if fully stated herein).

20.     Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the
validation notice, on or about September 14, 2008, September 15, 2008, and

again on September 17, 2008, Defendant **MRS,** calling from phone number 888 274-9847, made several hang up calls to Plaintiff's home in an attempt to collect the alleged debt, thus violating 15 U.S.C §§ 1692 *et seq.* and 1692g(b). (See Exhibit H attached hereto and incorporated as if fully stated herein).

21.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about September 18, 2008, "Ms. Jackson", a representative from Defendant **MRS**, calling from phone number 888-274-9847, caused to be made to Plaintiff a collection call in an attempt to collect the alleged debt. "Ms. Jackson" insisted on wrongfully informing their client, Defendant **LVNV**, that Plaintiff refused to cooperate when actually Plaintiff expressed his inability to pay the alleged debt, thus violating 15 U.S.C. §§ 1692 d (5), 1692e(2), and 1692g (a). (See Exhibit I attached hereto and incorporated as if fully stated herein).

22.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about September 19, 2008, "Don Fields", a representative from Defendants **MRS**, calling from phone number 888-274-9847, caused to be made to Plaintiff a collection call in an attempt to collect the alleged debt. "Mr. Fields" spoke rudely to Plaintiff and threatened that if Plaintiff refused to answer his questions the collection efforts will continue, in violation of 15 U.S.C. §§ 1692d (5), 1692e (2), and 1692g (a). (See Exhibit J attached hereto and incorporated as if fully stated herein).

23.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about September 21, 2008, an unidentified representative from Defendant **MRS**, calling from phone number 888-274-9847, caused to be made to Plaintiff a collection call in an attempt to collect the alleged debt, thus violating 15 U.S.C. §§ 1692d (5), 1692d (6), and 1692g (a). (See Exhibit K attached hereto and incorporated as if fully stated herein).

24.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about September 22, 2008, "Peter", a representative from Defendant **MRS**, calling from phone number 888-274-9847, caused to be made to Plaintiff a collection call in an attempt to collect the alleged debt. Although Plaintiff requested to the caller to stop calling him, "Peter" threatened Plaintiff with continued harassing collection calls, in violation of 15 U.S.C. §§ 1692d,

1692e (2), and 1692g (a). (See Exhibit L attached hereto and incorporated as if fully stated herein).

25.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about September 23, 2008, "Mr. Turner", a representative from Defendant **MRS**, calling from phone number 888-274-9847, caused to be made to Plaintiff a collection call in an attempt to collect the alleged debt. "Mr. Turner" attempted to disgrace Plaintiff by stating that he will mark the account as a refusal to pay and inform Defendant **LVNV** that Plaintiff fraudulently opened this card account without intending on paying back the alleged debt, in violation of 15 U.S.C. §§ 1692d, 1692e (2), 1692e (7), and 1692g (a). (See Exhibit M attached hereto and incorporated as if fully stated herein).

26.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about September 24, 2008 and again on September 25, 2008, Defendant **MRS**, calling from phone number 888-274-9847, made several hang up calls to Plaintiff's home in an attempt to collect the alleged debt, thus violating 15 U.S.C §§ 1692 *et seq.* and 1692g(b). (See Exhibit N attached hereto and incorporated as if fully stated herein).

27.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about September 26, 2008, "Crystal Barnett", a representative from Defendant **MRS**, calling from phone number 888-274-9847, caused to be made to Plaintiff a collection call in an attempt to collect the alleged debt. "Ms. Barnett" ignored Plaintiff's implied dispute to the validity of the alleged debt amount, and again attempted to threaten the Plaintiff with continued collection calls if Plaintiff fails to pay the alleged debt amount and further threatened Plaintiff by stating that this account would be marked as 'refusal to pay', in violation of 15 U.S.C. §§ 1692d, 1692e (2), 1692e (5), and 1692g (a). (See Exhibit O attached hereto and incorporated as if fully stated herein).

28.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about September 27, 2008, "Carla Adams", a representative from Defendant **MRS,** calling from phone number 888-274-9847, caused to be made to Plaintiff a collection call in an attempt to collect the alleged debt. "Carla Adams" attempted to harass Plaintiff by continuing to ask the questions already answered by plaintiff to multiple callers prior to this call, and again

threatened Plaintiff with continued collection calls if Plaintiff fails to pay the alleged debt amount and with the recommendation that this account be marked as 'refusal to pay', in violation of 15 U.S.C. §§ 1692d, 1692e (2), 1692e (5), and 1692g (a). (See Exhibit P attached hereto and incorporated as if fully stated herein).

29.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about September 29, 2008, at approximately 9:25 AM, a representative from Defendant **MRS**, calling from phone number 888-274-9847, made a hang up call to Plaintiff's home in an attempt to collect the alleged debt, thus violating 15 U.S.C §§ 1692 *et seq.* and 1692g(b). (See Exhibit Q attached hereto and incorporated as if fully stated herein).

30.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about September 30, 2008, "Don Fields", a representative from Defendant **MRS**, calling from phone number 888-274-9847, caused to be made to Plaintiff a collection call in an attempt to collect the alleged debt. "Mr. Fields" spoke rudely to Plaintiff, in violation of 15 U.S.C. §§ 1692d, and 1692g (a). (See Exhibit R attached hereto and incorporated as if fully stated herein).

31.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about October 2, 2008 and again on October 3, 2008 , Defendant **MRS**, calling from phone number 888-274-9847, made several hang up calls to Plaintiff's home in an attempt to collect the alleged debt, thus violating 15 U .S.C §§ 1692 *et seq.* and 1692g(b). (See Exhibit S attached hereto and incorporated as if fully stated herein).

32.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about October 6, 2008, "Ms. Wrigley", a representative from Defendant **MRS**, calling from phone number 888-274-9847, left a message at Plaintiff's home in an attempt to collect the alleged debt, thus violating 15 U.S.C. §§ 1692, *et seq.* and 1692g (a). (See Exhibit T attached hereto and incorporated as if fully stated herein).

33.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about October 7, 2008, "Janeece", a representative from Defendant **MRS,** calling from phone number 888-274-9847, called at Plaintiff's home in an attempt to collect the alleged debt. "Ms Janeece" improperly mislead Plaintiff by stating that the only way to stop the collection calls is to pay the

alleged debt and left Plaintiff uncertain as to his rights to dispute the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692g (a). "Ms. Janeece" further stated that Plaintiff's account has been listed as delinquent on his credit report and threatened to continue collection calls if Plaintiff fails to pay the alleged debt amount, in violation of 15 U.S.C. §§ 1692d, 1692e (2), 1692e (5), and 1692g (a). (See Exhibit U attached hereto and incorporated as if fully stated herein).

34.     Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about October 8, 2008, October 9, 2008, October 10, 2008, and again on October 11, 2008, Defendant **MRS**, calling from phone number 888-274-9847, made several hang up calls to Plaintiff's home in an attempt to collect the alleged debt, thus violating 15 U.S.C §§ 1692 *et seq.* and 1692g(b). (See Exhibit V attached hereto and incorporated as if fully stated herein).

35.     Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about October 12, 2008, "Mr. Turner", a representative from Defendant **MRS**, calling from phone number 888-274-9847, called at Plaintiff's home in an attempt to collect the alleged debt. "Mr. Turner" attempted to threaten Plaintiff by indicating to take some "harsh" action against him if Plaintiff fails to make any arrangement to pay the alleged debt, and further threatened Plaintiff with continued collection calls and the recommendation that their client, Defendant **LVNV**, take any necessary action against Plaintiff to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e (5). "Mr. Turner" then transferred the call to his Operations manager, "Ms. Danielle", who again attempted to mislead Plaintiff by stating that to stop the collection calls Plaintiff can either pay off the alleged debt in full or accept settlement offers, thus leaving Plaintiff uncertain as to his rights to dispute the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692g (a). "Ms Danielle" again threatened Plaintiff with continued collection activities via phone and mails, in violation of 15 U.S.C. §§ 1692e and 1692g (a). (See Exhibit W attached hereto and incorporated as if fully stated herein).

36.     Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about October 13, 2008, "Mr. Turner", a representative from Defendant **MRS,** calling from phone number 888-274-9847, called at Plaintiff's home in an attempt to collect the alleged debt. "Mr. Turner" unduly

threatened to call a list of Plaintiff's relatives, and specifically mentioned "Peggy" and "Patricia's" name, and further referred to "Peggy" as the "pants in the family to pay the bills," in violation of 15 U.S.C. §§ 1692d and 1692d (2). "Mr. Turner" further threatened Plaintiff with continuance of collection activities unless the alleged debt amount is recovered from Plaintiff, in violation of 15 U.S.C. §§ 1692e and 1692g (a). (See Exhibit X attached hereto and incorporated as if fully stated herein).

37.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, between October 14, 2008 and October 31, 2008, Defendant **MRS**, calling from phone number 888-274-9847, made several hang up calls, approximately 15 calls, to Plaintiff's home in an attempt to collect the alleged debt, thus violating 15 U.S.C §§ 1692 *et seq.* and 1692g(b). (See Exhibit Y attached hereto and incorporated as if fully stated herein).

38.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about October 31, 2008, at approximately 1:38 PM, "Kita Smith", a representative from Defendant **MRS**, calling from phone number 888-274-9847, called at Plaintiff's home in an attempt to collect the alleged debt, thus violating 15 U.S.C. §§ 1692, *et seq.* and 1692g (a). (See Exhibit Z attached hereto and incorporated as if fully stated herein).

39.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about November 3, 2008, at approximately 9:49 AM, a representative from Defendant **MRS**, calling from phone number 888-274-9847, made a hang up call to Plaintiff's home in an attempt to collect the alleged debt, thus violating 15 U.S.C §§ 1692 *et seq.* and 1692g(b). (See Exhibit ZA attached hereto and incorporated as if fully stated herein).

40.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about November 4, 2008, "Brittany", a representative from Defendant **MRS,** calling from phone number 888-274-9847, called at Plaintiff's home in an attempt to collect the alleged debt. "Ms. Brittany", in an attempt to mislead Plaintiff, contradicts the information given by other callers by stating that Washington Mutual has not sold Plaintiff's account to Defendant **LVNV,** and that Defendant **MRS** is actually representing Washington mutual for the collection of Plaintiff's account, in violation of 15 U.S.C. §§ 1692e(2) and 1692g (a). (See Exhibit ZB attached hereto and incorporated as if fully stated herein).

41.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, between November 6, 2008 and November 20, 2008, Defendant **MRS,** calling from phone number 888-274-9847, made several hang up calls, approximately six calls, to Plaintiff's home in an attempt to collect the alleged debt, thus violating 15 U.S.C §§ 1692 *et seq.* and 1692g(b). (See Exhibit ZC attached hereto and incorporated as if fully stated herein).

42.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about November 21, 2008, "Mr. Cooper", a representative from Defendant **MRS,** calling from phone number 888-274-9847, called at Plaintiff's home in an attempt to collect the alleged debt. "Mr. Cooper" threatens Plaintiff with recommending their client, Defendant **LVNV,** take any necessary action against Plaintiff to collect the alleged debt, in violation of 15 U.S.C. §§ 1692 *et seq.* and 1692g (a). (See Exhibit ZD attached hereto and incorporated as if fully stated herein).

43.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about November 23, 2008, at approximately 8:14 AM, a representative from Defendant **MRS,** calling from phone number 888-274-9847, made a hang up call to Plaintiff's home in an attempt to collect the alleged debt, thus violating 15 U.S.C §§ 1692 *et seq.* and 1692g(b). (See Exhibit ZE attached hereto and incorporated as if fully stated herein).

44.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about November 24, 2008, at approximately 3:41 PM, "Kera Miller", a representative from Defendant **MRS,** calling from phone number 888-274-9847, called at Plaintiff's home in an attempt to collect the alleged debt. "Kera Miller" attempted to harass Plaintiff by continuing to ask the questions already answered by Plaintiff to multiple callers prior to this call, and again threatened Plaintiff with continued collection calls if Plaintiff fails to pay the alleged debt amount and further threatened Plaintiff by stating that this account would be marked as 'refusal to pay', in violation of 15 U.S.C. §§ 1692d, 1692e (2), 1692e (5), and 1692g (a). (See Exhibit ZF attached hereto and incorporated as if fully stated herein).

45.    Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, on or about December 2, 2008, "Helen Connor", a

representative from Defendant **MRS,** calling from phone number 888-274-9847, called at Plaintiff's home in an attempt to collect the alleged debt, thus violating 15 U.S.C. §§ 1692, *et seq.* and 1692g (a). (See Exhibit ZG attached hereto and incorporated as if fully stated herein).

46.     Despite the fact that Defendants **MRS & LVNV** failed to provide Plaintiff with the validation notice, between December 4, 2008 and January 27, 2009, Defendant **MRS,** calling from phone number 888-274-9847, made several hang up calls, approximately 25 calls, to Plaintiff's home in an attempt to collect the alleged debt, thus violating 15 U.S.C §§ 1692 *et seq.* and 1692g(b). (See Exhibit ZH attached hereto and incorporated as if fully stated herein).

47.     Defendants **MRS & LVNV** failed to provide verification and validation of the alleged debt in violation of 15 U.S.C. §§ 1692, *et seq.* and 1692g (b).

48.     Defendants **MRS & LVNV** knew or should have known that they are unable to achieve standing, unable to produce competent evidence to support a claim, unable to produce a written agreement with a bona fide signature of the Plaintiff, and are unregistered & unauthorized to do business in the State of Texas.

49.     Defendants' actions, omissions, misrepresentations, violations and inability to produce material disclosures and competent evidence of the alleged debt as alleged herein have constituted harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer the same.

## SUMMARY

50.     The conduct of Defendants harassing Plaintiff in an effort to collect the alleged debt, constitutes violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d (2), 1692d(5), 1692d (6), 1692e, 1692e(2), 1692e(5), 1692e (7), 1692e(10), 1692f, and 1692g(a) amongst others, as well as an invasion of his privacy by an intrusion upon Plaintiff's seclusion. (See Exhibit ZI attached hereto and incorporated as if fully stated herein).

**CAUSES OF ACTION**

**FIRST CLAIM**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §**

**1692 et *seq.***

51.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 - 50 above as if fully stated herein.

52.    The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

53.    Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes.

54.    The foregoing acts and omissions were undertaken by the Defendants willfully, persistently, intentionally, knowingly, and discriminately as part of their routine debt collection business and/or in gross or reckless disregard of the rights of the Plaintiff.

55.    As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for a declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. § 1692k, Civil liability [Section 813 of Pub. Law].

**SECOND CLAIM**

**VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT:**

**TEX. BUS. & CODE § 17.46 *et seq.***

56.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 - 50 above as if generally and specifically stated herein.

57.    The conduct described in paragraphs 1 - 50 above has caused actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Deceptive Trade Practices Act, Tex. Bus. & Code § 17.46 *et seq.*

58.    Said conduct is generally and specifically within the meaning of the DTPA Tex. Bus. & Code § 17.46 *et seq.* and in the course of business that is prohibited, unfair, and deceptive.

59.    The foregoing acts and omissions were undertaken by the Defendants willfully, persistently, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

60.    The conduct described in paragraphs 1 - 50 has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

61.    Defendants' unfair and deceptive acts have proximately caused emotional and actual damage and Defendants are liable to the Plaintiff for such injury.

**THIRD CLAIM**

**VIOLATIONS OF TEXAS COLLECTION PRACTICES ACT,**

**Tex Fin. Code § 392.001 et *seq.***

62.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 - 50 above as if generally and specifically stated herein.

63.    The Texas Collection Practices Act provides at section 2 that it is unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of trade or commerce within this state.

64.    Debt collection is a service within the scope of "trade and commerce" as that term is defined under Texas Collection Practices Act, Tex. Fin. Code § 392.001 *et seq.* and at issue in this case, generally this service affects commerce and trade in this state.

65.    The conduct described in paragraphs 1 - 50 is specifically and generally unfair, deceptive, oppressive, unconscionable, and contrary to public policy and generally recognized standards applicable to responsible and lawful consumer credit protection practices.

66.    Defendants unfair methods and deceit make them liable to Plaintiff under Texas Collection Practices Act, Tex. Fin. Code § 392.001 *et seq.*

**DECLARATORY RELIEF**

67.    Plaintiff repeats, re-alleges and incorporates by reference each paragraph 1 - 66 above as if fully stated herein.

68.    There exists a dispute over whether Defendants have violated the FDCPA, the

14

TCPA, and the DTPA.

69.     Plaintiff is entitled to declaratory judgment and a determination that Defendants violated the FDCPA, Texas Collection Practices Act, Tex. Fin. Code § 392.001 *et seq.*, Deceptive Trade Practices Act, Tex. Bus. & Code § 17.46 *et seq.*, and Plaintiff is similarly entitled to an order enjoining said Acts.

70.     As a result of Defendants' actions, omissions, and violations, Plaintiff is entitled to statutory damages, actual damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

71.     Defendants' actions, omissions, and violations as alleged herein constituted the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer the same.

**JURY DEMAND**

72.     Plaintiff is entitled to and hereby demands that this cause be tried by a jury. U.S. Const. Amend. 7.Fed. R. Civ. Pro. 38.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and every Defendant by this Court for the following:

1.     Declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in said conduct, and granting such additional equitable relief as may be appropriate.

2.     Award Plaintiff actual damages.

3.     Award Plaintiff punitive damages.

4.     Award Plaintiff federal and state statutory damages.

5.     Award Plaintiff compensatory damages for mental and emotional distress, humiliation, and embarrassment to be determined at trial.

6.     Award Plaintiff reasonable attorney's fees and costs of this litigation.

7.     Grant such other and further relief as this Honorable Court deems just and proper.

Dated:  August 17, 2009

Respectfully submitted,

Law Office of St. James Chambers
700 Secretary Ln #190
Arlington, TX 76015
Tel: (817) 975-9343
Fax: (214) 447-9207
sjchambers@airmail.net


//<u>St. James Chambers</u>
St. James Chambers
State Bar No. 04086200

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing COMPLAINT; JURY TRIAL DEMAND and supporting documents and instruments were served to the clerk of the UNITED STATES DISTRICT COURT FOR THE NORTHERN DIVISION OF TEXAS and upon each of the parties or, when represented, upon their attorney of record, by fax, by personal delivery, or by depositing such copy enclosed in a postpaid envelope in an official depository under the exclusive care and custody of the United States Postal Service, CERTIFIED MAIL RETURN RECEIPT addressed as follows:

MRS Associates, Inc., (Unregistered in Texas)
1930 Olney Avenue
Cherry Hill, New Jersey 08003

LVNV Funding, LLC (Unregistered in Texas)
9700 Bissonnet, Suite 200
Houston, Texas 77036

I further affirm that the foregoing statements made by me are true to the best of my knowledge and belief and that if any are willfully false, I am subject to penalty.


//St. James Chambers

St. James Chambers

17

<u>VERIFICATION</u>

I, Boyd Dungan hereby certify that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

Boyd Dungan
2920 Shalako Drive, Apartment 1801
Fort Worth, Texas 76116-9620

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

**STATE OF TEXAS**                      )
                                        ) SS
**COUNTY OF TARRANT**                   )

Plaintiff Boyd Dungan, having first been duly sworn and upon oath, deposes and states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s) named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every Exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

08/04/2009
Date                                    Boyd Dungan

Subscribed to and sworn to before me
This 4th day of August, 2009

Notary Public

WADE PHILLIP CLOSNER
Notary Public, State of Texas
My Commission Expires
April 15, 2012

19